J-S50027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN ROBERT FREEMAN | |
| Appellant | No. 1757 EDA 2014 |

Appeal from the PCRA Order May 23, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001077-1995

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:       **FILED March 14, 2016**

This case returns to this Court following remand from the Pennsylvania Supreme Court. Specifically, on February 17, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, Bryan Robert Freeman, vacated our previous order affirming the dismissal of Appellant's third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). After careful review, we reverse the PCRA court's order dismissing Appellant's PCRA and remand for resentencing.

Relevant to this appeal, on December 7, 1995, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole

after Appellant pled guilty to first-degree murder,[1] committed when he was 17 years old.[2] Appellant's amended third PCRA petition, which is the subject of this appeal, asserts the newly recognized constitutional right exception to the PCRA time-bar in Section 9545(b)(1)(iii). Appellant's Amended PCRA Petition, 8/16/12, at 2.[3] Appellant argues that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), should be retroactively applied. Appellant's *Pro Se* Answer to Counsel's Petition to Withdraw, 5/13/15, at 2-3. On May 23, 2014, the PCRA court dismissed the amended petition. On October 21, 2015, we affirmed the PCRA court's order. *Commonwealth v. Freeman*, --- A.3d ---, 2015 WL 6392468 (Pa. Super. 2015) (unpublished memorandum), *vacated*, --- A.3d ---, 870 MAL 2015 (Pa. 2016). Appellant filed a petition for allowance of appeal with our Supreme Court on November 19, 2015. While that petition was pending, on January 25, 2016, the United States Supreme Court announced its decision in *Montgomery*, holding that *Miller*'s prohibition on mandatory life

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] Appellant did not file a direct appeal. On April 23, 1997, Appellant withdrew his first, timely PCRA. Subsequently, on December 28, 2006, this Court dismissed Appellant's appeal of the dismissal of his second PCRA petition due to Appellant's counsel's failure to file a brief. *Commonwealth v. Freeman*, 335 EDA 2006 (Pa. Super. 2006).

[3] We note that Appellant's amended PCRA petition does not contain pagination. For ease of review, we have assigned each page a corresponding page number.

imprisonment without the possibility of parole for juvenile offenders was a new substantive rule that, under the Constitution, must be retroactive in cases on state collateral review. ***Montgomery***, ***supra*** at 732. Accordingly, our Supreme Court vacated our prior order and remanded this case to us. Moreover, this Court, in ***Commonwealth v. Secreti***, --- A.3d ---, 2016 WL 513341 (Pa. Super. 2016), has held that ***Miller*** and ***Montgomery*** afford relief to petitioners whose PCRA petitions based on ***Miller*** were on appeal when ***Montgomery*** was announced. ***Secreti***, ***supra*** at *5.

Based on the foregoing, Appellant is entitled to PCRA relief from his unconstitutional sentence of mandatory life imprisonment without parole. ***See Miller***, ***supra*** at 2464; ***Montgomery***, ***supra***; ***Secreti***, ***supra***. Accordingly, we reverse the PCRA court's May 23, 2014 order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with ***Miller*** and ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013).

Order reversed. Petition to withdraw as counsel denied.[4] Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[4] Our prior order also granted counsel's petition to withdraw representation pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super 1988) (*en banc*). For the reasons explained herein, Appellant's issue is meritorious and we now
*(Footnote Continued Next Page)*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/14/2016</u>

---

*(Footnote Continued)*  ————————————

deny counsel's petition.  Further, we direct our Prothonotary to mail notice of our decision to Appellant's counsel, Sean T. Poll, Esquire.